JOHN D. ELWELL & CO. v. ACME PORTLAND CEMENT CO.

(Supreme Court, Appellate Division, First Department. December 20, 1912.)

1. ATTACHMENT (§ 241*)—VACATION OR MODIFICATION—DELAY IN MOTION.

Vacation or modification of an attachment will not be denied, because motion therefor has long been delayed; plaintiff not being prejudiced thereby.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 829–838; Dec. Dig. § 241.*]

2. ATTACHMENT (§ 248*)—MOTION TO VACATE OR MODIFY—QUESTIONS CONSIDERED—COMPLAINT.

Objection that plaintiff's complaint states no cause of action will not be passed on, on defendant's motion to vacate or modify the attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 858–860; Dec. Dig. § 248.*]

3. ATTACHMENT (§ 151*)—AMOUNT.

Attachment in an action for damages from defendant's acts, preventing carrying out of the parties' contract, thus causing plaintiff to incur expense, without permitting it to earn profits which might have been earned if the contract had been carried out, should be issued for the amount which plaintiff positively alleges it has expended, or obligated itself to expend, on account of the contract; no facts being stated from which the court could determine whether any, and, if so, how much, profits would have been earned.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 422–424; Dec. Dig. § 151.*]

Appeal from Special Term, New York County.

Action by John D. Elwell & Co. against the Acme Portland Cement Company. From an order denying motion to vacate a warrant of attachment, defendant appeals. Reversed, and motion granted in part.

See, also, 139 App. Div. 906, 123 N. Y. Supp. 1122.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Friend Hoar, of New York City, for appellant.

Martin Conboy, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J.   [1, 2] Although the defendant has long delayed its motion to vacate or modify the attachment, it does not appear that plaintiff has been prejudiced thereby.   It is not the custom on motions like the present to examine a complaint with the same critical care that is required when its sufficiency is called in question upon a trial, or by a demurrer, or a motion to dismiss.   We do not, therefore, pass upon defendant's objection that the complaint states no cause of action.

[3] What plaintiff apparently seeks to recover is the damages which it claims to have suffered because defendant, by its acts, has prevented the carrying out of a contract between plaintiff and defendant, and thus has caused plaintiff to incur expense, without permitting it to earn the profits which might have been earned if the contract had been carried out.   These damages are unliquidated, at least so far as probable profits are concerned, and the affidavit upon which the attachment was granted does not state facts from which the court could determine whether any profits would have been earned, and, if so, how much they would have amounted to.   The only positive allegations of damages are that plaintiff has already expended $12,250 on account of the contract, and has incurred obligations to others amounting to $21,000.   These sums amount to $33,-250, which is all that the attachment should have been issued for.

The order denying the motion to vacate the attachment, and for further relief, must therefore be reversed, and the motion granted, to the extent of reducing the amount to $33,250, without costs in this court to either party.

INGRAHAM, P. J., and CLARKE and MILLER, JJ., concur. LAUGHLIN, J., concurs in result.